[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15120
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:11-cv-00200-RH-WCS


DAVID OLUSOLA OLADOKUN,

                                                              Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY,
SHERIFF, WAKULLA COUNTY, FLORIDA,
US DEPARTMENT OF HOMELAND SECURITY,
MARC MOORE,
Field Office Director for Detention and Removal
US Immigration and Customs Enforcement,

                                                              Respondents-Appellees,

MICHAEL ROZOS, etc.,

                                                              Respondent.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 21, 2012)

Before PRYOR, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

David Olusola Oladokun appeals pro se the denial of his petition for a writ of habeas corpus. Oladokun, a native and citizen of Nigeria, challenged his continued detention by the Department of Homeland Security as unreasonable under Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001). Because Oladokun failed to establish that the Department is incapable of removing him to Nigeria in the reasonably foreseeable future, we affirm.

Oladokun entered the United States without inspection in 1993, and he has been subject to a final order of removal since February 2005. In May 2005, the Department attempted to locate Oladokun for removal, but he eluded federal agents. Oladokun was arrested in Florida in October 2010, and the Department obtained custody of Oladokun on November 1, 2010. Nine days later, the Department forwarded to the Nigerian Consulate an official request to request an emergency travel document for Oladokun. In January 2011, the Nigerian

Consulate forwarded to the Department a travel document for Oladokun, and the Department scheduled Oladokun to depart the United States on February 8, 2011. According to Deborah Pasterak, a deportation officer in the Department, agents placed Oladokun on an airplane as scheduled, but he created a commotion that caused U.S. Marshals to remove Oladokun from the airplane and return him to the Department. Oladokun attempted to flee, and agents handcuffed Oladokun and returned him to detention. Oladokun later complained that he had been injured when handcuffed, and agents transported Oladokun to a local hospital for an examination, after which his physicians stated that he was unhurt and healthy.

Oladokun received two notices that he had failed to comply with removal procedures. On February 11, 2011, the Department notified Oladokun that his removal was being extended because he had "willful[ly] fail[ed] and refus[ed] to depart the United States." On May 9, 2011, the Department served Oladokun with a notice that his removal was being extended a second time because he had refused "[o]n February 15, 2011, March 10, 2011 and April 13, 2011, . . . to sign acknowledgement for . . . the form I-229(a) and Instruction sheet" and that "fail[ure] to comply . . . [had] prevent[ed] [his] removal from the United States."

On May 6, 2011, Oladokun filed pro se a petition for a writ of habeas corpus. Oladokun did "not challeng[e] the validity of the removal order . . ., [but]

3

rather . . . challenged his indefinite and continued detention" by the Department. Oladokun asserted that his "ongoing detention [was] in violation of Zadvydas" because the "six month presumptively reasonable removal period" expired on May 2, 2011, and "there [was] no significant likelihood of getting authentic travel documents now or in [the] foreseeable future from the Nigerian[] Consulate." Oladokun contended that he could not obtain a travel document because Nigeria did "not have any record of him leaving . . . in February 1993," but in his reply to the Department, Oladokun admitted that he had "stopped 'signing form I-229 that will authorize ICE to ever contact Nigerian Consulate for travel documents on his behalf." Oladokun argued that his continued detention "contravene[d] 8 U.S.C. [§] 1231(a)(6)" and violated his rights to substantive and procedural due process. Oladokun also argued that the Agency had violated his right of free speech under the First Amendment by "[a]ttacking [him] when he asked to talk to the Delta Airline Pilot"; violated his right not to be unlawfully seized under the Fourth Amendment "[b]y holding [him] unreasonably" at the airport and at the hospital; violated the equal protection component of the Due Process Clause of the Fifth Amendment by ignoring his requests "to get some of his properties" and by using unnecessary force to handcuff him "because of his national origin"; and violated the prohibition against cruel and unusual punishment under the Eighth

4

Amendment by using unnecessary force at the airport, at the hospital, and while transporting him to and from the hospital.

A magistrate judge recommended that the district court deny Oladokun's petition for a writ of habeas corpus. The magistrate judge found that Oladokun "absconded for five years after a final order of removal was issued," "impede[d] his removal by becoming combative when placed on the airplane . . . and trying to flee[,] and now refuses to allow his fingerprints to be taken." In the light of these facts, the magistrate judge concluded that Oladokun had tolled the six-month period that the Supreme Court held to be reasonable in Zadvydas because he "prevented his removal on February 8, 2011," and had "fail[ed] to cooperate . . . since that time." 8 U.S.C. § 1231(a)(1)(C). Alternatively, the magistrate judge concluded that Oladokun was "not entitled to relief under Zadvydas because his removal is reasonably forseeable." The district court denied Oladokun's petition.

The district court did not err by denying Oladokun's petition for a writ of habeas corpus. Oladokun fails to "provide[] good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701, 121 S. Ct. at 2505. In contrast to the petitioner in Zadvydas, who could not be removed because the receiving countries refused to accept him, Oladokun's non-cooperation is the only barrier to his removal. The

5

Department could have removed Oladokun to Nigeria, but for his misconduct at the airport. Oladokun contends that the travel document obtained for his removal in February was invalid, but "[s]peculation is insufficient to carry the burden of a habeas corpus petitioner." Hall v. Head, 310 F.3d 683, 705 (11th Cir. 2002) (internal quotation marks omitted). Since Oladokun thwarted his removal, he admittedly has refused to complete forms necessary for him to obtain a new travel document. For Oladokun, "a substantial likelihood of removal subsists," Clark v. Martinez, 543 U.S. 371, 386, 125 S. Ct. 716, 727 (2005), and his detention presently does not violate his rights of due process under the Fifth Amendment.

The Department argues that Oladokun waived his claims regarding the violation of his rights under the First, Fourth, and Fifth Amendments, and we agree. Oladokun asserts in his statement of the facts that the Department violated his constitutional rights, but Oladokun fails to explain how the actions of the Department were unlawful. "We may decline to address an argument where a party fails to provide arguments on the merits of an issue in its initial or reply brief" because "[w]ithout such argument the issue is deemed waived." United States v. Gupta, 463 F.3d 1182, 1195 (11th Cir. 2006).

We **AFFIRM** the denial of Oladokun's petition for a writ of habeas corpus.